UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MIRAN KIM,

                                           Plaintiff,

    -against-

COLORFUL NAILS IN NEW HYDE PARK INC. d/b/a
COLORFUL NAILS, and YOUNG SUK CHOI, SAEMEE HONG,
and SIN AE HONG, individually,

                                           Defendants.
-------------------------------------------------------------------------X

COMPLAINT

FLSA COLLECTIVE ACTION

ECF CASE

Plaintiff Miran Kim ("Kim" or "Plaintiff") on behalf of herself and all other similarly situated employees, by and through her attorney, The Law Offices of Jacob Aronauer, complaining of Colorful Nails in New Hyde Park Inc. d/b/a Colorful Nails ("Colorful Nails") and Young Suk Choi, Saemee Hong, and Sin Ae Hong, individually (collectively the "Defendants"), alleges the following:

**PRELIMINARY STATEMENT**

1. This is a civil action brought by Plaintiff and all other similarly situated employees to recover unpaid minimum wages and overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff and the collective class work or have worked as manicurists and pedicurists at Colorful Nails, located in New Hyde Park, New York owned by Young Suk Choi ("Choi") and managed by Saemee Hong and Sin Ae Hong.

2. Plaintiff brings this action on behalf of herself and all similarly-situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at Colorful Nails owned by Choi and managed by Saemee Hong and Sin Ae Hong.

3. Plaintiff and the FLSA collective also bring this action under the Wage Theft Protection Act for Defendants' failure to provide written notice of wage rates in violation of said laws.

4. Plaintiff and the FLSA collective class seek injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6. This Court has supplemental jurisdiction over the New York State Law claims under the principles of pendent and ancillary jurisdiction.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein within the Southern District of New York.

# PARTIES

**Plaintiff Miran Kim**

8. Plaintiff Miran Kim is and was at all times relevant hereto an individual residing in Queens County.

9. From July 29, 2015 through April 14, 2018 Kim worked as a manicurist and pedicurist at Colorful Nails located at 1523 Jericho Tpke, New Hyde Park, NY 11040.

10. Kim is a covered employee within the meaning of the FLSA and the NYLL.

**Defendant Young Suk Choi**

11. Upon information and belief, Choi owns, maintains control, oversight and the direction of Colorful Nails.

12. Defendant Choi is a person engaged in business in Nassau County, who is sued individually in her capacity as an owner, officer and/or agent of Colorful Nails. Defendant Choi exercises sufficient control over Colorful Nails to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Colorful Nails.

13. Defendant Choi has employed Plaintiff and similarly situated employees at all times relevant.

14. Defendant Choi has substantial control over Plaintiff and similarly situated employees' working conditions and practices alleged herein.

**Defendant Saemee Hong**

15. Upon information and belief, Saemee Hong maintains control, oversight and the direction of Colorful Nails.

16. Defendant Saemee Hong is a person engaged in business in Nassau County, who is sued individually in her capacity as an owner, officer and/or agent of Colorful Nails. Defendant Saemee Hong exercises sufficient control over Colorful Nails to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Colorful Nails.

17. Defendant Saemee Hong has employed Plaintiff and similarly situated employees at all times relevant.

18. Defendant Saemee Hong has substantial control over Plaintiff and similarly situated employees' working conditions and practices alleged herein.

**Defendant Sin Ae Hong**

19. Upon information and belief, Sin Ae Hong maintains control, oversight and the direction of Colorful Nails.

20. Defendant Sin Ae Hong is a person engaged in business in Nassau County, who is sued individually in her capacity as an owner, officer and/or agent of Colorful Nails. Defendant Sin Ae Hong exercises sufficient control over Colorful Nails to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Colorful Nails.

21. Defendant Sin Ae Hong has employed Plaintiff and similarly situated employees at all times relevant.

22. Defendant Sin Ae Hong has substantial control over Plaintiff and similarly situated employees' working conditions and practices alleged herein.

**Colorful Nails in New Hyde Park Inc.**

23. Colorful Nails is a domestic business corporation doing business as Colorful Nails, having its principal place of business located at 1523 Jericho Tpke, New Hyde Park, NY 11040.

24. On information and belief, Young Suk Choi is the Chief Executive Officer of Colorful Nails.

25. On information and belief, Saemee Hong and Sin Ae Hong are the managers of Colorful Nails.

26. At all times relevant to this action, Colorful Nails was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

27. On information and belief, Colorful Nails has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

## COLLECTIVE ACTION ALLEGATIONS

28. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of herself and other similarly persons who are current and former employees of Colorful Nails since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

29. The FLSA Collective consists of five (5) similarly situated current and former manicurists and pedicurists at Colorful Nails who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

30. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy includes, *inter alia*, the following:

    i. failing to pay employees the applicable minimum wage rate for all time worked up to forty (40) hours per week;

    ii. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week; and

    iii. failing to furnish employees with wage notices as required by the NYLL.

31. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

32. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

33. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

34. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

35. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

## FACTS

**Plaintiff Kim's Employment at Colorful Nails**

36. From July 29, 2015 through April 14, 2018, Defendants employed Plaintiff, without interruption, as a manicurist and pedicurist.

37. Throughout Plaintiff's employment with Defendants, Plaintiff worked at Colorful Nails located at 1523 Jericho Tpke, New Hyde Park, New York 11040.

38. Throughout Plaintiff's employment with Defendants, Plaintiff was scheduled to work more than forty hours per week.

39. Plaintiff was never paid any overtime for her hours worked in excess of forty hours per week.

40. From August 2015 through December 2016, Plaintiff was paid in cash. When Plaintiff was paid in cash, Defendants did not provide her any documentation with respect to her hours or pay.

41. Starting January 2017, Plaintiff was paid in a combination of cash and check. Defendants, though, did not take any deductions.

42. Plaintiff was not required to clock in or clock out when she arrived to work.

43. Defendants did not satisfy the requirements under the NYLL that would allow them to pay a reduced minimum wage and take a "tip credit."

7

44. Plaintiff was never provided any documentation in writing as to Defendants tip policy.

45. The payments provided by Defendants to Plaintiff did not set forth the tips she was received.

**Plaintiff's Work Schedule and Salary**

46. Throughout Plaintiff's employment, she worked five (5) days per week.

47. During the months of May, June, July, August, September, October, and November Plaintiff would work every day from Monday to Friday from 9:30 am to 7:00 pm.

48. During the months of December, January, February, March, and April Plaintiff would work two days a week from 9:30 am to 7:00 pm.

49. Additionally, during the months of December, January, February, March, and April Plaintiff would work three days a week from 9:30 am to 6:30 pm.

50. From July 29, 2015 through November 2015, Plaintiff worked 50 hours a week.

51. From December 2015 through April 2016, Plaintiff worked 45.5 hours a week.

52. From May 2016 through November 2016, Plaintiff worked 50 hours a week.

53. From December 2016 through April 2017, Plaintiff worked 45.5 hours a week.

54. From May 2017 through November 2017, Plaintiff worked 50 hours a week.

55. From December 2017 through April 2018, Plaintiff worked 45.5 hours a week.

56. From the beginning of her employment in July 29, 2015 until September 2016, Plaintiff was paid about $280 in cash weekly.

57. From October 2016 until December 2016, Plaintiff was paid about $300 in cash weekly.

58. From January 2017 until the end of her employment in April 2018, Plaintiff was paid in a combination of check of $185 and about $120 in cash weekly.

59. Plaintiff had a 30 minutes unpaid lunch break every day.

**Defendants' Violations of the Wage Theft Protection Act**

60. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

61. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

62. Plaintiff was never provided with and never signed a wage notice acknowledging the tip credit deducted from her wages.

63. Upon information and belief, wage notices were never given to or signed by any other employee at Colorful Nails.

**FIRST CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.**

64. Plaintiff, on behalf of herself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

65. Throughout the relevant time period, Plaintiff and the FLSA Collective worked in excess of forty (40) hours per workweek.

66. At all relevant times throughout her employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek,

and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

67. At all relevant times throughout Plaintiff and the FLSA Collective's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times her regular hourly rate for hours worked in excess of forty (40) hours per workweek.

68. Defendants' decision not to pay overtime was willful.

69. Plaintiff and the FLSA Collective seek damages in the amount of her unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Unpaid Overtime Wages Under New York Labor Law

70. Plaintiff, on behalf of herself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

71. At all times relevant to this action, Plaintiff and the FLSA Collective were employed by Defendants within the meaning of NYLL § 652 and 12 NYCRR §142-2.2.

72. Defendants failed to pay Plaintiff and the FLSA Collective the overtime premium of one and one-half (1.5) times the regular hourly rate of pay, in violation of the NYLL.

73. Defendants' failure to pay required overtime was willful.

74. As a result of Defendants' NYLL violations, Plaintiff and the FLSA Collective are entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NYLL.

## THIRD CAUSE OF ACTION
### New York Labor Law—Failure to Pay Minimum Wage

75. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

76. Defendants were required to pay Plaintiff the full minimum wage at a rate of: (a) $8.75 per hour for all hours worked from July 29, 2015 through December 30, 2015; (b) $9.00 per hour for all hours worked from December 31, 2015 through December 30, 2016; (c) $9.70 per hour for all hours worked from December 31, 2016 through December 30, 2017; (d) $10.40 for all hours worked from December 31, 2017 to the present under the NYLL 650 et seq. and the supporting New York State Department of Labor Regulations.

77. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

78. At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

79. At all times relevant, Plaintiff was covered by the NYLL.

80. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

81. Defendants failed to pay Plaintiff the minimum hourly wages to which she is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

82. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

83. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**Fair Labor Standards Act-Minimum Wages**

84. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

85. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

86. At all times relevant, Plaintiff was employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. § 203. At all relevant times, each Defendant has employed "employee[s]," including Plaintiff.

87. Defendants were required to pay directly to Plaintiff the applicable federal minimum wage rate for all hours worked.

88. Defendants failed to pay Plaintiff the minimum wages to which they are entitled under the FLSA.

89. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

90. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 28 U.S.C. 201 *et. seq*.

91. As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. 201 et seq.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices

92. Plaintiff, on behalf of herself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

93. Defendants willfully failed to supply Plaintiff and the FLSA Collective with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff in her primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

94. Through their knowing or intentional failure to provide Plaintiff and the FLSA Collective with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

13

95. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the FLSA Collective are entitled to statutory penalties of fifty dollars per work day that Defendants failed to provide Plaintiff and the FLSA Collective with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants, Colorful Nails in New Hyde Park Inc. d/b/a Colorful Nails, Young Suk Choi, Saemee Hong and Sin Ae Hong, jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid minimum wages and overtime wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(c) Damages for the unpaid minimum wages, overtime pay due to Plaintiff, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(d) Penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff and the FLSA Collective with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(e) Penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiff and the FLSA Collective with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(f) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

(g) For pre-judgment and post-judgment interest on the foregoing amounts;

(h) For her costs and disbursements of this action, including attorneys' fees and expenses; and

(i) For such other further and different relief as this Court deems just and proper.

Dated: June 8, 2018
New York, New York

Respectfully submitted,

/s Jacob Aronauer
Jacob Aronauer (JA: 9184)
**THE LAW OFFICES OF JACOB ARONAUER**
225 Broadway, 3rd floor
New York, NY 10007
Telephone: (212) 323-6980
Facsimile: (212) 233-9238
jaronauer@aronauerlaw.com
*Attorney for Plaintiff*