**Law Offices of Jacob Aronauer**
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

February 22, 2019

**Via ECF**
Honorable A. Kathleen Tomlinson
100 Federal Plaza
P.O. Box 9014
Central Islip, NY 11722-9014

      Re:    *Kim v. Colorful Nails in New Hyde Park Inc. et al.*
              18-cv-03373-AKT

Dear Judge Tomlinson:

      This office represents Plaintiff Miran Kim ("Kim" or "Plaintiff") in the above captioned matter. Plaintiff, together with Colorful Nails in New Hyde Park Inc., Young Suk Choi, Saemee Hong and Sin Ae Hong (collectively "Defendants") request that Your Honor approve the settlement reached in this matter. A copy of the signed settlement agreement is annexed hereto as Exhibit 1. The parties have made the necessary changes ordered by the Court (dkt 22).

**Background**

      Colorful Nails is a nail salon located in New Hyde Park, New York. Defendant Young Suk Choi is the owner of Colorful Nails. Defendants Saemee Hong and Sin Ae Hong, respectively, are employed as managers at Colorful Nails.

      From July 29, 2015 through April 14, 2018, Defendants employed Plaintiff, without interruption as a manicurist and pedicurist. The parties disagree as to the amount of hours Plaintiff worked on behalf of Defendants. Plaintiff asserts that she regularly worked more than 40 hours a week while Defendants assert that she never worked more than 40 hours a week.

      Plaintiff received tips in the course of her employment from patrons of Colorful Nails. It was a point of contention between the parties as to whether Defendants could apply the tip credit to Plaintiff's salary.

      The settlement is for $15,000 payable in two equal monthly installments. Plaintiff will receive $10,000 and Plaintiff's counsel will receive $5,000.

## History of Lawsuit and Settlement

On June 8, 2018, Plaintiff filed this action. Plaintiff sued for unpaid overtime under the Fair Labor Standards Act ("FLSA") and the New York Labor Law "NYLL"), failure to pay the minimum wage under the FLSA and NYLL and failure to provide annual wage notices and wage statements under the NYLL. Plaintiff also filed this lawsuit as a FLSA Collective action.

Immediately following the commencement of this action, the parties began settlement discussions. This included Plaintiff providing Defendants with a spreadsheet setting forth her perceived damages. Defendants in turn provided various documents in support of their position that they had not properly applied the tip credit and that Plaintiff was paid for all hours worked. Shortly after the initial case conference, the parties reached a settlement in principal.

## The Agreement is Fair and Reasonable

When determining whether an agreement to settle FLSA claims is fair and reasonable, the district court "should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal citation omitted). The totality of the circumstances in this case strongly supports the fairness and reasonableness of the Agreement.

## Plaintiff's Position

Plaintiff believes that if she were to be successful at trial, she would receive approximately $13,000 in unpaid overtime and unpaid minimum wages as well as an additional $10,000 in damages under the New York Wage Theft Prevention Act. However, Plaintiff's ability to succeed is largely contingent on being able to prove that Defendants incorrectly applied the tip credit.

Plaintiff had concerns as to whether Defendants had the ability to withstand both the costs of litigation and a large judgment. The corporate defendant in this instance is a small 'mom and pop' nail salon that does not generate large revenue. In addition, the owner of Colorful Nails has large medical costs due to an immediate family member being ill. The fact that Colorful Nails needed two months to pay a relatively small settlement indicates that they did not have the financial resources to pay a large settlement.

### Defendants' Position

Defendants' Answer denied all of Plaintiffs' allegations of unlawful practices and policies. Defendants also maintain that through objective evidence and witness testimony, they would be able to prevail on their defenses.

Nevertheless, the parties agreed on the settlement amount of $15,000 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions through a trial.

### Work Performed by Plaintiff's Counsel

While the case settled at the beginning of discovery, Plaintiff's counsel performed critical work. Plaintiff's counsel met with Plaintiff on two separate occasions to receive a better understanding of the work she performed, the hours she worked and to review work related documents. In addition, Plaintiff's counsel reviewed work related documents provided by Defendants' counsel. Finally, Plaintiff's paralegals drafted spreadsheets setting forth the avenues of potential recovery in various scenarios.

### Attorneys' Fees and Counsel's Qualifications

Plaintiff's retainer agreement with the undersigned counsel provides for a contingency fee of one-third of any recovery, exclusive of costs and disbursements. Plaintiff paid the filing fee and Defendants accepted service. Here, Plaintiff's Counsel is not seeking reimbursement of the service costs. Courts regularly approve attorneys' fees of one-third of the settlement amount in non-class FLSA cases. *See Karic v. Major Automotive Companies, Inc.*, 2016 WL 1745037 at *8 (E.D.N.Y. Apr. 27, 2016) (citing cases). Consistent with Plaintiff's agreement with Plaintiff's counsel, Plaintiff's counsel will receive $5,000.

Jacob Aronauer is the owner of The Law Offices of Jacob Aronauer. Mr. Aronauer has been practicing law since 2005 and started his own firm in 2013. Since he started his own law firm, Mr. Aronauer's practice has primarily focused on wage and hour law. Mr. Aronauer has handled close to 100 wage and hour matters. In 2018, Mr. Aronauer was voted a "Rising Star" in the New York area by Super Lawyers. Mr. Aronauer's hourly rate is $350 an hour. This hourly rate is what Mr. Aronauer charges his management-side clients. Paralegals in this case employed by Mr. Aronauer's firm were billed at a rate of $150 per hour.

The hourly rate of $350 an hour for Mr. Aronauer is widely accepted in the Eastern District of New York. *See Janus v. Regalis Constr. Inc.,* 2012 U.S. Dist. LEXIS 1270 at * 37-38 (E.D.N.Y. July 23, 2012) (In a case from more then seven years ago, the Court approved the lead counsel's attorney fees of $350 an hour); *see also Knits v. Karahalis*, 409 F. App'x 418, 422 (2d Cir. 2011) (finding district court's determination that prevailing rates in Eastern District range from $300-$350 was "amply supported").

Plaintiff's counsel's attorney fees is $5,531.00. As ordered by the Court, a copy of Plaintiff's attorney fees is annexed hereto as Exhibit 2. This time does not include time

spent providing a revised settlement agreement. Provided the Court permits this office to receive 1/3 of the settlement proceeds, this office will receive less than attorney fees expended.

**Conclusion**

The Agreement is a product of arms'-length negotiations between sophisticated parties and their counsel and mediated by this Court. Its terms are fair, reasonable, and consistent with FLSA policy and this Court's precedent. Accordingly, the parties jointly request that the Court approve the Agreement as set forth in Exhibit 1.

Respectfully,

*/s Jacob Aronauer*
Jacob Aronauer
*Attorney for Plaintiff*

**Via ECF**
*All attorneys on record*

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

MIRAN KIM, individually and on behalf of others similarly situated,

     *Plaintiff,*

-against-

COLORFUL NAILS IN NEW HYDE PARK INC. d/b/a COLORFUL NAILS, and YOUNG SUK CHOI, SAEMEE HONG, and SIN AE HONG, individually,

     *Defendants.*

18-cv-3373 (AKT)

**SETTLEMENT AGREEMENT AND RELEASE**

  This Settlement Agreement and Release of Claims ("Agreement") is entered into by Plaintiff Miran Kim, ("Plaintiff") on the one hand, Colorful Nails in New Hyde Park Inc. d/b/a Colorful Nails, ("Defendant Corporation"), Young Suk Choi, Saemee Hong, and Sin Ae Hong, ("Individual Defendants"), (collectively, "Defendants"), on the other hand.

  WHEREAS, Plaintiff alleges that she worked for Defendants as an employee; and

  WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No: 18-cv-3373 (AKT) (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

  WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

  WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

  NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

  1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Fifteen Thousand Dollars and No Cents ($15,000.00) (the "Settlement Amount") to be paid to Plaintiff's

attorneys in two ("2") installments, as follows:

    (a)    First Payment: A post-dated check in the amount of Seven Thousand Five Hundred Dollars ($7,500.00) made payable to "Jacob Aronauer, Esq., as Attorney for Plaintiff", for immediate deposit Thirty Days (30) after court approval of the settlement agreement,

    (b)    With respect to the first payment, Plaintiff shall receive Five Thousand Dollars and Zero Cents ($5,000) and Plaintiff's counsel shall receive Two Thousand and Five Hundred Dollars and Zero Cents ($2,500.00).

    (c)    Second Payment: A post-dated check in the amount of Seven Thousand Five Hundred Dollars ($7,500.00) made payable to "Jacob Aronauer, Esq., as Attorney for Plaintiff", for immediate deposit Sixty Days (60) after court approval of the settlement agreement, delivered to Plaintiff's counsel.

    (d)    With respect to the second payment, Plaintiff shall receive Five Thousand Dollars and Zero Cents ($5,000) and Plaintiff's counsel shall receive Two Thousand and Five Hundred Dollars and Zero Cents ($2,500.00).

    (e)    All of the post-dated checks/payments set forth above shall be delivered to the Law Office of Jacob Aronauer, to the attention of Jacob Aronauer, Esq., 225 Broadway, 3rd Floor, New York, NY 10007. Failure to deliver said checks shall constitute a default under the Agreement. Concurrently with the execution of this Agreement, Defendants Colorful Nails in New Hyde Park Inc., Young Suk Choi, Saemee Hong, and Sin Ae Hong, shall each execute and deliver to Plaintiff's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibit A. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff's counsel hereby irrevocably and unconditionally release counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear counsel's escrow account, or Defendants fail to deliver the payments to Plaintiff's counsel within Thirty Days (30) of the Court approving the Agreement, and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail via their counsel, Jian Hang, Esq., at 136-20 38th Avenue Suite 10G, Flushing, NY 11354. Any such Notice of Default shall be deemed received five (5) days after it is mailed.

2.    <u>Releases by Parties</u>:

    a.  <u>Wage and Hour Releases by Plaintiff</u>: In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish and discharge Defendants from all those matters that are the subject of the above-reference lawsuit, i.e. all claims arising under the Fair Labor Standards Act, the New York Labor Law, the New York Hospitality Wage Order, and the New York Restaurant Industry Wage Order, and in particular any claim for overtime, commissions, unpaid wages, notice and

record keeping penalties, liquidated damages and any interest thereon whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities that are known to her during Plaintiff's employment with Defendants.

b. This release is limited solely and only to the wage and hour claims brought by Plaintiff against Defendants in this action that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendant and it does not release or discharge any claims that may occur after that date.

c. In consideration of the promises herein, Defendants, individually together with, but not limited to, their respective owners, affiliates, subsidiaries, parent corporations, spouses, estates, descendants, heirs, successors, assigns, agents, insurers, reinsurers, and present and former officers, directors, shareholders, partners, employees and attorneys hereby completely, unconditionally and forever release, acquit and discharge Plaintiff, together with respective owners, affiliates, subsidiaries, parent corporations, spouses, estates, descendants, heirs, successors, assigns, agents, insurers, reinsurers, and present and former officers, directors, shareholders, partners, employees, attorneys, dependents, descendants, heirs, spouses, estates, successors, agents and assigns, from any and all claims, demands, liabilities, damages, losses, indebtedness, costs, attorneys' fees, actions and causes of action, suits, proceedings, controversies, agreements and/or obligations of any nature whatsoever, known or unknown, arising out of, or related to, any occurrence or non-occurrence, happening or not happening, prior to the date hereof, that Defendants may have held, or now hold, against Plaintiff, from the beginning of the World through the date of this Agreement, which Defendants may have had, may now have, or which may hereinafter arise, from events relating to the alleged employment of Plaintiff with Defendants, including the issues that have been asserted, or could have been asserted as counter-claims, cross-claims or otherwise.

3. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

5. <u>Acknowledgments:</u> Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. <u>Notices:</u> Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Jacob Aronauer, Esq.

Law Office of Jacob Aronauer
225 Broadway, 3rd Floor
New York, NY 10007
Tel: (212) 323-6980
Fax: (212) 233-9238
Email: jaronauer@aronauerlaw.com

To Defendants:

Jian Hang
Hang & Associates, PLLC
136-20 38th Avenue Suite 10G
Flushing, NY 11354
Tel: (718)-353-8588
Fax: (718)-353-6288
Email: jhang@hanglaw.com

7. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York before Magistrate Tomlinson. If Magistrate Tomlinson is unavailable, the case will be assigned to another Magistrate Judge in the EDNY.

8. <u>Enforceability</u>: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. <u>Release Notification</u>: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with her legal counsel and Plaintiff acknowledges that she has consulted with Jacob Aronauer, Esq. of the Law Office of Jacob Aronauer. Plaintiff acknowledges that it is her choice to waive any potential claims in return for the benefits set forth herein and that she made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with her attorney. Plaintiff confirms that this Settlement Agreement and Release has been translated to her in Korean and that she understands the terms of this Agreement and that she is signing this Agreement voluntarily.

10. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

4

**PLAINTIFF:**

By: _[signature]_               Date: 2.18.19
MIRAN KIM

**DEFENDANTS:**

By: _____    Date: _____
COLORFUL NAILS IN NEW HYDE PARK INC.

By: _____    Date: _____
YOUNG SUK CHOI

By: _____    Date: _____
SAEMEE HONG

By: _____    Date: _____
SIN AE HONG

PLAINTIFF:

By: _____    Date: _____
    MIRAN KIM

DEFENDANTS:

By: _____    Date: 2/15/19
    COLORFUL NAILS IN NEW HYDE PARK INC.

By: _____    Date: 2/15/2019
    YOUNG SUK CHOI

By: _____    Date: 2/15/2019
    SAEMEE HONG

By: _____    Date: 2/15/2019
    SIN AE HONG

5

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

MIRAN KIM, individually and on behalf of others similarly situated,

        Plaintiff,

-against-

COLORFUL NAILS IN NEW HYDE PARK INC. d/b/a COLORFUL NAILS, and YOUNG SUK CHOI, SAEMEE HONG, and SIN AE HONG, individually,

        *Defendants.*

18-cv-3373 (ATK)

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

------------------------------------------------------------X

STATE OF NEW YORK   )
                              : ss.:
COUNTY OF               )

1. I reside in _New York_ County.

2. I, SAEMEE HONG, am the President of COLORFUL NAILS IN NEW HYDE PARK INC. d/b/a COLORFUL NAILS. I am duly authorized to make this affidavit of confession of judgment on behalf of COLORFUL NAILS IN NEW HYDE PARK INC.

3. COLORFUL NAILS IN NEW HYDE PARK INC. maintains its principal place of business at 1523 Jericho Tpke, New Hyde Park, NY 11040.

4. Pursuant to the terms of the Settlement Agreement and Release by and between Miran Kim and Colorful Nails in New Hyde Park Inc., Young Suk Choi, Saemee Hong, and Sin Ae Hong, to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against Colorful Nails in New Hyde Park Inc. in favor of Plaintiff for the sum of Thirty Thousand Dollars and No Cents ($30,000.00), less any payments made under the Settlement Agreement.

5. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

4. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $30,000.00 (less any

7

amounts already paid to Plaintiffs pursuant to the above schedule), against Colorful Nails in New Hyde Park Inc.

Colorful Nails in New Hyde Park Inc.

By: _Saemee H____
Saemee Hong
Title: President

_Saemee H___

STATE OF __NEW YORK__ )
                      : ss.:

On __19TH OF FEBRUARY__ 2019, before me personally came __SAEMEE HONG__, to me known, who, by me duly sworn, did depose and say that deponent resides at __FLUSHING, NY__, that deponent is the President of Colorful Nails in New Hyde Park Inc. the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Colorful Nails in New Hyde Park Inc.. and was authorized to do so.

_____
Notary Public

ANNA GRZYWA
Notary Public – State of New York
NO 01GR6291631
Qualified in Suffolk County
My Commission Expires Nov 16, 2021

# EXHIBIT 2

# Law Offices of Jacob Aronauer

# INVOICE

225 Broadway, 3rd Floor
New York, New York 10007
United States
Phone: (212) 323-6980

Invoice # 106
Date: 02/22/2019
Due On: 03/24/2019

Miran Kim

## 00203-Kim

## Kim v. Colorful Nails

| Type | Date | Notes | Quantity | Rate | Total |
|---|---|---|---|---|---|
| Service | 05/17/2018 | Attorney Fees: Initial meeting with client. Discuss potential case. | 1.30 | $350.00 | $455.00 |
| Service | 05/21/2018 | Paralegal Fees - Carolina: Complaint Draft | 2.00 | $150.00 | $300.00 |
| Service | 05/21/2018 | Paralegal Fees - Carolina: Drafted complaint. | 1.50 | $150.00 | $225.00 |
| Service | 05/23/2018 | Paralegal Fees - Carolina: Meeting with client to confirm information. Client signed RA. | 0.67 | $150.00 | $100.50 |
| Service | 05/30/2018 | Paralegal Fees - Carolina: Phone call with client to confirm information and updated complaint. | 1.00 | $150.00 | $150.00 |
| Service | 05/30/2018 | Attorney Fees: Edit complaint. | 1.60 | $350.00 | $560.00 |
| Service | 05/31/2018 | Paralegal Fees - Carolina: Potential damages spreadsheet calculation. | 1.00 | $150.00 | $150.00 |
| Service | 05/31/2018 | Paralegal Fees - Carolina: Researching minimum wage and amending the complaint. | 0.50 | $150.00 | $75.00 |
| Service | 06/06/2018 | Paralegal Fees - Carolina: Phone call with client and son to confirm information for complaint. Amended information in the complaint. | 0.42 | $150.00 | $63.00 |
| Service | 06/08/2018 | Paralegal Fees - Carolina: Prepared Civil Cover Sheet and Summons. | 0.50 | $150.00 | $75.00 |
| Service | 06/12/2018 | Paralegal Fees - Karin: Edited damages spreadsheet | 0.80 | $150.00 | $120.00 |
| Service | 06/12/2018 | Attorney Fees: File lawsuit. | 0.20 | $350.00 | $70.00 |
| Service | 06/13/2018 | Paralegal Fees - Karin: Edited damages spreadsheet | 0.70 | $150.00 | $105.00 |
| Service | 06/13/2018 | Attorney Fees: Review spreadsheet and discuss spreadsheet and potential damages with staff | 0.70 | $350.00 | $245.00 |

| | | | | | |
|---|---|---|---|---|---|
| Service | 06/19/2018 | Attorney Fees: E-mail correspondence with opposing counsel in re waiver of service. | 0.10 | $350.00 | $35.00 |
| Service | 08/09/2018 | Attorney Fees: Review answer to complaint. | 0.20 | $350.00 | $70.00 |
| Service | 08/27/2018 | Attorney Fees: E-mail correspondence with opposing counsel in re settlement and review documents. | 0.50 | $350.00 | $175.00 |
| Service | 09/13/2018 | Paralegal Fees - Sian: created spreadsheet containing data from Defendants' records | 1.00 | $150.00 | $150.00 |
| Service | 09/13/2018 | Attorney Fees: Review documents provided by Defendants (.7) and meeting with client (.9). | 1.60 | $350.00 | $560.00 |
| Service | 09/16/2018 | Attorney Fees: Prepare for initial case conference. | 0.80 | $350.00 | $280.00 |
| Service | 09/17/2018 | Attorney Fees: Initial case conference with Court. | 0.20 | $350.00 | $70.00 |
| Service | 09/18/2018 | Paralegal Fees - Sian: prepared for meeting with client; meeting with client; typed notes from client meeting | 1.00 | $150.00 | $150.00 |
| Service | 09/18/2018 | Paralegal Fees - Sian: drafted new damages spreadsheet based on information from client meeting and Defendants' documents | 0.75 | $150.00 | $112.50 |
| Service | 09/18/2018 | Attorney Fees: Letter to Court seeking adjournment. | 0.10 | $350.00 | $35.00 |
| Service | 09/18/2018 | Attorney Fees: Review Sian's spreadsheet. | 0.20 | $350.00 | $70.00 |
| Service | 09/20/2018 | Attorney Fees: Draft settlement e-mail. | 0.20 | $350.00 | $70.00 |
| Service | 10/08/2018 | Attorney Fees: Settlement e-mail correspondence with opposing counsel. | 0.20 | $350.00 | $70.00 |
| Service | 10/09/2018 | Attorney Fees: Settlement correspondence with opposing counsel. | 0.10 | $350.00 | $35.00 |
| Service | 10/26/2018 | Attorney Fees: Review and edit proposed settlement agreement. | 0.60 | $350.00 | $210.00 |
| Service | 10/30/2018 | Attorney Fees: Met with client to go over settlement agreement | 0.50 | $350.00 | $175.00 |
| Service | 10/31/2018 | Paralegal fees - Elias: Drafted Settlement Approval Letter | 0.75 | $150.00 | $112.50 |
| Service | 11/01/2018 | Paralegal fees - Elias: Drafting Cheeks Letter | 0.75 | $150.00 | $112.50 |
| Service | 11/02/2018 | Attorney Fees: Re-write settlement approval letter. | 0.90 | $350.00 | $315.00 |
| Service | 02/19/2019 | Paralegal Fees - Karin: Made bill in Clio to provide court with attorneys' fees information | 0.20 | $150.00 | $30.00 |

**Total** **$5,531.00**

## Detailed Statement of Account

**Current Invoice**

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 106 | 03/24/2019 | $5,531.00 | $0.00 | $5,531.00 |
| | | | Outstanding Balance | $5,531.00 |
| | | | Total Amount Outstanding | $5,531.00 |

Please make all amounts payable to: Law Offices of Jacob Aronauer

Please pay within 30 days.