UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MIRAN KIM,

                        Plaintiff,

          - against -                                    CV 18-3373 (AKT)

COLORFUL NAILS IN NEW HYDE PARK,
INC. d/b/a COLORFUL NAILS, and YOUNG
SUK CHOI, SAEMEE HONG, and SIN AE
HONG, individually,

                        Defendants.
-------------------------------------------------------X

## ORDER APPROVING SETTLEMENT AND DISMISSAL WITH PREJUDICE OF CLAIMS

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      The Court, having reviewed the Complaint filed in this case by Plaintiff MIRAN KIM, as well as the Answer to the Complaint filed by the Defendants, having assessed the claims and defenses raised by the parties, having taken into account the Parties' exchange of documents prior to the settlement, having reviewed the damages calculations, having carefully considered the applicable case law, having carefully reviewed the proposed Settlement Agreement and General Release, and for good cause shown, hereby ORDERS, ADJUDGES and DECREES that:

      1.     The Settlement Agreement, to the extent it addresses claims under the Fair Labor Standards Act and the New York Labor Law: (a) is the result of arm's length negotiations and is fair to all Parties; (b) reasonably resolves a bona fide disagreement between the Parties with regard to the merits of the Plaintiff's claims; and (c) demonstrates a good faith intention by the

Parties (i) to fully and finally resolve the Plaintiff's claims for liability and damages under the Fair Labor Standards Act and the New York State Labor Law and (ii) not to re-litigate in whole or in part at any point in the future the claims raised in this litigation or which could have been raised in this litigation concerning the Plaintiff's wages while employed by the Defendants.

2. The Settlement Agreement meets the standards set forth in *Wolinsky v. Scholastic Inc.,* 900 F.Supp.2d 332 (S.D.N.Y.2012) in that: (a) the Plaintiff's range of possible recovery is affected by the dispute over Defendants' defenses, including Defendants' argument that it did not meet the annual $500,000 minimum annual gross revenues threshold to come within the definition of an employer under the FLSA and that Plaintiff had been paid all monies owed under the FLSA and NYLL; (b) Defendant Colorful Nails contends it was not an employer of the Plaintiff and, in any event, asserts that it correctly applied the tip credit to Plaintiff's wages; (c) the prospect exists of defense witnesses providing testimony which conflicts with Plaintiff's testimony; (d) the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses at trial; (e) the record reflects qualitative risks for both sides should the case proceed to trial, including the financial condition of the Defendants; (e) the settlement is clearly the product of arm's length negotiations between experienced counsel; and (f) the totality of the circumstances and the progression of this case demonstrate the lack of fraud or collusion. *See Wolinsky*, 900 F.Supp.2d at 335 (internal quotations omitted).

3. The Settlement Agreement complies with the Second Circuit's guidance in *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015) because: (a) there are no restrictive confidentiality provisions which would otherwise conflict with the remedial purposes of the FLSA; (b) the release is narrowly tailored to the FLSA and NYLL claims

asserted in this litigation; and (c) the attorney's fees which equate to one-third of the total settlement amount are fair and consistent with the provisions of the retainer agreement between Plaintiff and his counsel.

4. The Plaintiff's Release of the Defendants as partial consideration for the settlement is sufficiently limited to deem the release fair and proper.

5. Having reviewed the Settlement Agreement provision regarding attorney's fees, the Court finds that the apportionment of one-third of the settlement amount to the attorneys' fees, as provided in the Settlement Agreement, is a fair and reasonable reflection of the services rendered to the Plaintiff by her counsel, the Law Offices of Jacob Aronauer, by Jacob Aronauer, Esq. and further meets the cross-check analysis applying the lodestar method.

6. In light of all the foregoing factors, the Court finds the Settlement Agreement to be fair and reasonable. The settlement is therefore APPROVED by the Court.

7. This lawsuit and the claims of the Plaintiff asserted in it are DISMISSED, WITH PREJUDICE, in their entirety.

8. Each party shall bear his/its own costs, except as provided to the contrary in the Settlement Agreement.

The Clerk of the Court is directed to close this case.

**SO ORDERED**.

Dated: Central Islip, New York
March 12, 2019

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge